[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This is an appeal from an order of the Wood County Court of Common Pleas, reallocating parental responsibilities in a shared parenting arrangement. Because we conclude that the trial court's decision to change a child's primary residential parent was procedurally correct and supported by the evidence, we affirm.
Appellant, Edward G. Brenneman, and appellee, Kimberly J. Brenneman nka Kelly, were divorced in 1996. At that time, appellant was designated the primary residential parent in a statutory shared parenting arrangement of the parties' two-year-old son. The consent decree awarded appellee liberal visitation rights.
When the divorce decree was entered, the parties lived just a few miles from each other. One of the terms of the decree was that neither party would move more than fifty miles from his or her present residence without prior court approval or written consent of the other party.
In 1998, appellee moved to Marietta, Ohio, without leave of court or appellant's written consent. Nevertheless, appellee's visitation continued. In 2000, also without leave of court or appellee's consent, appellant, with his son and current wife, moved to Missouri. In response, appellee moved for a modification of the shared parenting order making her the primary residential parent.
Following an investigation and recommendation by a court-appointed guardian ad litem and a full hearing on the matter, the court concluded that appellant's move to Missouri and its concomitant interference with visitation constituted a change in circumstances sufficient to contemplate a modification of parental responsibilities. Weighing the statutory factors provided in R.C. 3109.04(F)(1), the court found that designating appellee as the child's primary residential parent was in the child's best interest and ordered the change.
From this order, appellant now brings this appeal, setting forth the following four assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE:
 The Trial Court erred in disallowing presentation by Appellant of testimony relative to Appellant's character for the character trait of truthfulness.
"ASSIGNMENT OF ERROR NUMBER TWO:
 The Trial Court erred in giving substantial weight to the recommendations of the Guardian ad Litem.
"ASSIGNMENT OF ERROR NUMBER THREE:
 The Trial Court erred in modifying parental rights and responsibilities so as to name Appellee as primary residential parent and legal custodian.
"ASSIGNMENT OF ERROR NUMBER FOUR:
 The Trial Court erred in that its judgment was contrary to and against the manifest weight of the evidence presented."
 I.
In his first assignment or error, appellant complains that the trial court improperly prevented him from eliciting testimony concerning his reputation for truthfulness. Appellant maintained that his veracity had been placed in issue by testimony concerning disciplinary techniques employed by appellant and his current wife. The trial court sustained appellee's objections to such testimony, stating that appellant's credibility was not in issue.
Rulings on the admission of evidence are within the discretion of the trial court and will not be overturned absent an abuse of that discretion. Rocky River v. Saleh (2000), 139 Ohio App.3d 313, 314. An abuse of discretion is more than an error of law or of judgment, the term implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 168-169.
Evid.R. 608(A) permits evidence of a witness's truthful character only after his or her "* * * truthfulness has been attacked * * *." However, the matter at issue must be of some, "* * * consequence to the determination of the action * * *." Evid.R. 401.
We have carefully reviewed the testimony that appellant contends constituted a character attack concerning his truthfulness. Like the trial court, we fail to detect an allegation of prevarication directed at appellant. Moreover, in its judgment entry, the trial court expressly refused to determine the veracity of allegations of unusual punishment or rely on such allegations in making its determination. Since there was no reliance on the testimony, it was not of "consequence" and was, therefore, irrelevant. Therefore, the trial court did not abuse its discretion in excluding the offered testimony.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
The remainder of appellant's assignments of error go to the sufficiency of the evidence supporting a modification of parental responsibilities and the weight the trial court afforded the evidence which was presented.
R.C. 3109.04 permits a court to modify parental responsibilities when there is a substantial change in circumstances and modification is in the child's best interests. However, within the context of the statute, the court has broad discretion in determining whether there has been a change of circumstance and whether a modification of responsibilities is proper. Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus; Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
In this matter, there is no dispute that appellant's move to Missouri and the resultant strain on the liberal visitation rights awarded appellee in the original decree constitutes a change in circumstances. When such a change occurs, R.C. 3109.04(F)(1) directs a court to specifically consider ten enumerated factors in determining the best interests of the child when crafting a reallocation of parental rights.
Here, the trial court's judgment entry contains findings of fact going to each of the relevant enumerated factors. The record contains competent, credible evidence to support these findings. See Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, syllabus. Accordingly, appellant's fourth assignment of error is not well-taken. Similarly, the degree of weight the court affords any particular piece of evidence is in the exclusive purview of the trial court. Id at 23. Therefore, appellant's second assignment of error is not well-taken.
Finally, the trial court concluded that appellee, as the party with primary parental responsibility, was the person most likely to facilitate visitation. The foundation of this conclusion is supported by the evidence and we cannot say that the conclusion constitutes an abuse of discretion. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.